NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 1 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MELONY DAWN VELASQUEZ,

Plaintiff - Appellant,

v.

LELAND DUDEK, Acting Commissioner of Social Security,

Defendant - Appellee.

No. 24-2589

D.C. No.
1:23-cv-00066-CWD

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Candy W. Dale, Magistrate Judge, Presiding

Submitted March 27, 2025[**]
Seattle, Washington

Before: McKEOWN, GOULD, and OWENS, Circuit Judges.

Melony Velasquez appeals from the district court's judgment affirming the

Commissioner of Social Security's denial of her applications for disability

insurance benefits and supplemental security income. "We review de novo the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's order affirming the [Administrative Law Judge's (ALJ)] denial of social security benefits and reverse only if the decision was not supported by substantial evidence or is based on legal error." *Glanden v. Kijakazi*, 86 F.4th 838, 843 (9th Cir. 2023). As the parties are familiar with the facts, we do not recount them here. We affirm.

1. First, the ALJ provided "specific, clear, and convincing reasons to discount the alleged severity" of Velasquez's vision-related symptoms. *Trevizo v. Berryhill*, 871 F.3d 664, 679 (9th Cir. 2017).

As to Velasquez's hypertension, which contributes to her vision loss, the ALJ concluded that the condition is less limiting than Velasquez alleges because it has "improved with treatment." In support, the ALJ explained that Velasquez "reached her blood pressure goal" by January 2020 and has experienced documented improvements in her color vision, diplopia, and photophobia over time. As to Velasquez's bilateral keratoconus, the ALJ concluded that it is also "less serious than alleged" because Velasquez achieved "20/20 vision with contacts"; her eye doctor stated that she "should be able to perform most job functions"; and Velasquez "has not returned to see [that doctor] since February 25, 2020 to address the limitations she reports."

Because the ALJ identified reasons "sufficiently specific to allow [this] court to conclude [the ALJ] . . . did not 'arbitrarily discredit [Velasquez's]

testimony,'" we affirm the ALJ's rejection of Velasquez's symptom testimony. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc) (citation omitted).

2. Second, substantial evidence supports the ALJ's evaluation of the medical opinions of Dr. Barry Cusack and Nurse Practitioner (NP) Eli Thornton. *See Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022).

NP Thornton's first opinion—offered in March 2020—stated Velasquez is "[u]nable to focus/read computer screens." But in June 2020, Velasquez received rigid gas-permeable contact lenses, with which she achieved 20/20 vision. Given this timing, substantial evidence supports the ALJ's rejection of NP Thornton's March 2020 opinion as "remote in time" and unsupported by Velasquez's "improved vision."[1]

Dr. Cusack's opinion—offered at reconsideration—stated Velasquez "should avoid working in bright conditions, and may require the use of tint glasses indoors to guard from photophobia." The ALJ found Dr. Cusack's opinion persuasive but concluded that the "use of sunglasses, goggles, and gas permeable contact lenses [is] sufficient to accommodate [Velasquez's] vision impairment, without restrictions [on] bright lights." The ALJ's conclusion is consistent with Velasquez's reports of improved photophobia, her eye doctor's conclusion that she

---

[1] NP Thornton's second opinion—offered in July 2020—made no mention of Velasquez having difficulty reading computer screens, and thus the ALJ had no obligation to explain why such a limitation was unnecessary.

should be able to perform most job functions, and the fact that she has not sought treatment from an eye doctor for photophobia since February 2020.

Thus, the ALJ's analysis of NP Thornton's and Dr. Cusack's medical opinions was sufficiently explained and supported by substantial evidence.

**AFFIRMED**.